IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JIE JIAO, a married woman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CONNIE BLUMENTHAL and JOHN DOE BLUMENTHAL and the marital community composed thereof; and REALOGICS BROKERAGE, LLC d/b/a REALOGICS SOTHEBY'S INTERNATIONAL REALTY, a Washington limited liability company,<br><br>　　　　　Defendant. | NO.<br><br>COMPLAINT |

For her causes of action, plaintiff, Jie ("Gabby") Jiao, alleges the following. Each allegation incorporates, by this reference, all preceding allegations contained herein.

I.　**PARTIES, VENUE AND JURISDICTION**

1.　Plaintiff purchased and later sold the home and property at 6520 NE 129th St., Kirkland, WA 98034 (the "Property"), which is located in King County, Washington.

2.　Upon information and belief, defendants Connie and John Doe Blumenthal reside in King County. Connie Blumenthal is a real estate broker doing business in King County.

COMPLAINT - 1

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206.626.5444

7

3. Defendant Realogics Brokerage, LLC d/b/a Realogics Sotheby's International Realty ("Realogics") is a Washington limited liability company. At all relevant times, Realogics conducted business in King County, Washington.

4. Jurisdiction and venue in this county are proper because this dispute stems from alleged damage incurred by plaintiff at property located in this county as a result of business transactions, sales of goods and services, and other actions that occurred in this county.

## II. FACTS

5. All actions by defendant Connie Blumenthal as alleged herein were taken on behalf of herself and her marital community, and as an agent for defendant Realogics.

6. In or around May 2015, plaintiff was referred to Blumenthal and Realogics by a friend of plaintiff's husband. Blumenthal was advised that plaintiff was a first-time homebuyer with a newborn baby, and that she was currently residing in New York while finishing graduate school.

7. Plaintiff is a native of China and she advised Blumenthal that she had not purchased a home before, and that she could not come to the Puget Sound area due to her school obligations, and so she would be relying entirely on Blumenthal's expertise and information in deciding whether to proceed with a purchase.

8. Blumenthal sent plaintiff information about the Property, including certain photographs. Plaintiff was initially interested in the Property as a potentially suitable home for her young family. She asked several questions of Blumenthal. For example, she asked if there was room in the yard for a swing set because building a swing for her baby daughter was a dream of hers. Blumenthal said yes. Plaintiff asked whether the location was convenient – such as in close proximity to a grocery store. Blumenthal not only assured plaintiff that the location was

COMPLAINT - 2

1  convenient, but she went on to rave about everything, touting the lake view, a park near the water that was within walking distance, the outstanding, high-end community, and the excellent schools. Blumenthal assured plaintiff that the housing prices in the area averaged $2 million.

9. Based on Blumenthal's unbridled assurances that the Property was ideally suited for plaintiff and her family and that it was a good value, plaintiff decided to make an offer on the Property and so she asked Blumenthal to provide her opinion on a reasonable offering price. Blumenthal recommended making an offer of $1.94 million and providing earnest money of $100,000. Blumenthal told plaintiff that there were several other extremely interested buyers at the time. Relying on Blumenthal, plaintiff proceeded with the offer on the Property under the terms Blumenthal recommended. Plaintiff had no idea, and Blumenthal never disclosed to plaintiff, that the earnest money figure Blumenthal had recommended was a much higher percentage of the offering price than a typical earnest money payment.

10. After some negotiation handled entirely by Blumenthal on the buyer's side, and at Blumenthal's urging, plaintiff and the seller ultimately agreed on a sale price of $2,008,000.

11. Blumenthal asked plaintiff if she wanted to obtain a pre-purchase home inspection, and plaintiff responded in the affirmative. Blumenthal selected the inspector, and Blumenthal later provided the inspector's report to plaintiff, assuring plaintiff that the Blumenthal-selected inspector had found only minor issues with the home and that those issues would be addressed by the builder-seller as part of the transaction.

12. When plaintiff, after making the cross-country drive with her infant daughter, finally arrived at the Property, she was shocked to discover that the Property was not at all as Blumenthal had promised. For example:

COMPLAINT - 3

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206.626.5444

9

- There is no back yard, and the front yard is sloped, so there is nowhere to put swing set.
- The so-called "lake view" that Blumenthal went on and on about to plaintiff can only be seen from the top deck. All views in the bedroom will be blocked by new construction.
- The Property is overbuilt and overpriced for the neighborhood, which is not "upscale" despite Blumenthal's assurances to the contrary.
- The so-called "park within walking distance" requires 40 minutes of walking and has minimal amenities.
- The closest grocery stores are a 15-minute drive from the home.
- Plaintiff and the neighbor were required to maintain the easement, even though plaintiff neither received nor was ever informed of an easement agreement prior to closing.

13. Plaintiff promptly contacted Connie Blumenthal and advised her of plaintiff's extreme dissatisfaction with the Property and her desire to sell the Property back to the builder-vendor. Blumenthal told plaintiff that a better plan would be for plaintiff to buy a second property and have the builder construct her a home on it. Plaintiff expressed her concern about this idea including the prospect of owning two houses, one of which she already owned and disliked. Blumenthal responded that plaintiff could simply rent out the Property once her yet-to-be-constructed home on a yet-to-be-found parcel was completed.

14. Plaintiff rejected Blumenthal's absurd recommendation to buy a second property, and plaintiff asked Blumenthal how much she could get for the Property if she put it back on the market, given that Blumenthal had previously told plaintiff that there were several other very interested buyers. Blumenthal responded with the figure $1.9 million, which demonstrated that Blumenthal had knowingly urged plaintiff to overpay for the home by at least $108,000.

15. As it turned out, Blumenthal's initial recommended offering price of $1.94 million had been way too high. Despite the rapidly rising real estate market during 2015-17, plaintiff was

COMPLAINT - 4

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206.626.5444

ultimately forced to sell the Property for $1.67 million. Plaintiff's loss on the Property, including the direct and consequential damages, exceeds $350,000.

### III. CAUSES OF ACTION

#### A. VIOLATION OF RCW CH. 18.86

16. Blumenthal and Realogics breached their statutory duties to plaintiff under RCW 18.86.030 and .050. These duties include but are not limited to honesty, loyalty, timely disclosure of any conflict of interest, and timely disclosure of material facts known to the broker but not readily apparent to the buyer.

17. As a result of the defendants' breaches of their statutory duties to plaintiff, the plaintiff has incurred damages in an amount to be proven at trial. Such damages exceed $600,000.

#### B. BREACH OF FIDUCIARY DUTIES

18. Defendants breached their common law duties to plaintiff by manipulating her actions through false assurances and misstatements regarding the Property and the existence of competing buyers. These breaches of duty caused plaintiff to incur damages in an amount to be proven at trial, and not less than $600,000.

#### C. VIOLATION OF THE CONSUMER PROTECTION ACT

19. Defendants repeatedly misrepresented material facts about the Property and they misrepresented the alleged interest by other potential buyers in an effort to pressure plaintiff into making a fast purchase. Plaintiffs relied on the representations of the defendants.

20. Each instance of misrepresentation constituted an unfair and deceptive act or practice in the conduct of these defendants' trade or business with respect to the plaintiffs, and these practices affect the public interest. Consequently, these defendants' conduct violated RCW 19.86.020 for each unfair or deceptive act or practice.

COMPLAINT - 5

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206.626.5444

21. As a direct and proximate result of these defendants' conduct, the plaintiff has been damaged, including treble damages up to $25,000 for each violation of RCW 19.86.020, plus costs and attorneys' fees pursuant to RCW 19.86.020.

**D. BREACH OF CONTRACT**

22. Defendants breached the Representation Agreement, and these breaches caused plaintiff to incur damages in an amount to be proven at trial, and not less than $600,000.

**E. PROMISSORY ESTOPPEL**

23. As described above, defendants made promises to plaintiff of specific benefits plaintiff would receive if plaintiff purchased the Property, and of specific qualities supporting the value set by defendants.

24. Defendants created an expectation of, and thus had an obligation of delivering a Property and contract that met their promises. Defendants' promises to plaintiff constitute an implied-in-fact contract with plaintiff under Washington common law.

25. Defendants acts and omissions set forth herein breached their promises, and defedants thereby breached their implied-in-fact contract with plaintiff. Defendants' acts and omissions also violated the Washington common law of promissory estoppel.

26. As a direct and proximate result of defendants' breaches of their promises to plaintiff, plaintiff has suffered economic damages in an amount to be proven at trial.

**IV. REQUEST FOR RELIEF**

WHEREFORE, plaintiff requests the following relief:

A. Judgment against defendants, jointly and severally for plaintiff's damages for breach of RCW Ch. 18.86;

COMPLAINT - 6

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206.626.5444

B. Judgment against defendants, jointly and severally for plaintiff's damages for breach of fiduciary duties;

C. Judgment for violation of the Consumer Protection Act, RCW 19.86, including an award of treble damages up to $25,000 for each violation and all of plaintiff's attorney fees and costs;

D. Judgment against defendants, jointly and severally for plaintiff's damages for breach of contract;

E. Judgment against defendants, jointly and severally for plaintiff's damages for breach of their implied-in-fact contract and promissory estoppel;

F. All interest, attorneys' fees, and costs allowed by law; and

G. Such other and further relief as the court may deem just and equitable.

DATED this 22th day of August, 2017.

LEVY | VON BECK | COMSTOCK | P.S.

By: /s Dave von Beck
Dave von Beck, WSBA No. 26166
Katie J. Comstock, WSBA No. 40637
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
206-626-5444
dmvonbeck@levy-law.com
katie@levy-law.com
Attorneys for Plaintiff