THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JIE JIAO,

        Plaintiff,

    v.

CONNIE BLUMENTHAL, *et al.*,

        Defendants.

CASE NO. C17-1355-JCC

ORDER

This matter comes before the Court on Plaintiff Jie Jiao's motion to amend her complaint (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part the motion for the reasons explained herein.

Plaintiff Jiao seeks to amend her complaint to assert additional federal and state causes of action and to add Maoqi Zhang and Wei Fan as additional plaintiffs. (Dkt. No. 20.) Jiao, as a married woman with separate property, and Zhang and Fan, as married persons with marital property (collectively "Plaintiffs"), allege Defendants represented them in purchasing parcels of residential real estate in King County from the same seller. (*Id*. at 6–7.) Plaintiffs further allege Defendants failed to disclose a relationship between themselves and the seller, resulting in a conflict of interest. (*Id*. at 10–11.) According to Plaintiffs, this led to Defendants' breach of their common law and statutory duties, breach of their agency agreement with Plaintiffs, and violations of federal and state law. (*Id*. at 15–18.)

Leave to amend shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). This policy should be "applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2011). In considering motions to amend, this Court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Id.* Here, Defendants only challenge amendment on the basis of futility. (*See* Dkt. Nos. 24, 26.)

Defendant Realogics Brokerage, LLC asserts futility because Plaintiff Jiao fails to join a necessary party: her fiancé at the time of purchase, Ke Song. (Dkt. No. 24 at 4.)[1] Under Federal Rule of Civil Procedure 19(a), a person must be joined if his or her absence would prevent a court from providing complete relief to the existing parties or leave an existing party subject to inconsistent obligations. *See Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). Realogics asserts that Song is a necessary party because he has an interest in Jiao's suit against Defendants—namely, in the funds Jiao used to purchase the residence and/or an interest in the marital estate. (Dkt. No. 24 at 4, 7.) Jiao confirms Song provided her the funds to purchase the residence, but claims he did so as a pre-marital gift. (Dkt. Nos. 31 at 1, 32 at 1.) Such a gift would remain Jiao's separate property, absent "direct positive evidence to the contrary." *In re Marriage of Skarbek*, 997 P.2d 447, 450 (Wash. App. 2000); *see Scott v. Currie*, 109 P.2d 526, 529 (Wash. 1941). Realogics provides no such evidence. (*See generally* Dkt. No. 24.) Therefore, amendment is not made futile by a failure to join Song.

Plaintiffs' proposed First Amended Complaint brings a cause of action described as "wire fraud," alleging Defendants defrauded Plaintiffs though use of "interstate wire communications." (Dkt. No. 20 at 17.) Defendant Blumenthal argues this claim is futile because the Court cannot afford relief on it. (Dkt. No. 26 at 3.) The Court agrees. Wire fraud is a criminal offense. *See* 18 U.S.C. §§ 1341 and 1343 (providing criminal penalties for "frauds and swindles" committed by

---

[1] Jiao and Song have since married. (Dkt. No. 31 at 4.)

1  "wire, radio, television."). However, Plaintiffs move to withdraw their wire fraud cause of action
2  and fold the underlying allegations into their claim brought pursuant to the Racketeer Influenced
3  and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). The Court GRANTS Plaintiff leave
4  to do so, thereby mooting Blumenthal's argument.

For the foregoing reasons, the motion to amend (Dkt. No. 18) is GRANTED in part. Plaintiff is DIRECTED to docket the proposed revised First Amended Complaint (Dkt. No. 30 at 4–18) within ten (10) days of this order.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE